# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 446 | **DATE** | 1/30/2012 |
| **CASE TITLE** | Amin, et al. vs. 5757 North Sheridan Rd Condo Assn., et al. | | |

**DOCKET ENTRY TEXT**

This case is dismissed for lack of jurisdiction. The application for leave to proceed *in forma pauperis* [3] is denied. The application for appointment of counsel [7] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Andira Amin and Maged Soliman, and their son Mark Bochra ("plaintiffs"), have presented for filing a complaint along with an *in forma pauperis* application under 28 U.S.C. § 1915(a)(1) for leave to proceed without prepayment of fees and an *ex parte* motion for appointment of counsel under this court's Local Rule 83.36. Plaintiff names as defendants the 5757 North Sheridan Road Condo Association ("the Association") and Ronald Mendelblat, its president. Covering 20 pages of factual allegations in addition to numerous federal and state claims, plus approximately 70 pages of exhibits, plaintiffs chronicle a history of conflict with the Association and its management agent dating from January 2008 to the present. Plaintiffs claim violation of their civil rights arising from discrimination based on their Coptic religious beliefs, their Egyptian national ancestry and race; retaliation for having filed charges with the Illinois Department of Human Rights; and violations of the Illinois Condominium Property Act. They seek an injunction against the involuntary sale.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson* v. *Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (internal citation and quotation marks omitted). However, "a district court judge should deny leave to proceed *in forma pauperis* if an action is frivolous . . . ." *Wartman* v. *Branch 7, Civil Div., Cnty. Ct., Milwaukee Cnty., State of Wis.*, 510 F.2d 130, 134 (7th Cir. 1975); *accord Bryan* v. *Johnson*, 821 F.2d 455, 458 (7th Cir. 1987). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams* v. *Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (internal quotation marks omitted), *aff'd sub nom. Neitzke* v. *Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted).

| STATEMENT |
|---|

Federal courts do have jurisdiction over a variety of civil rights claims. *E.g.*, 42 U.S.C. § 1982 ("All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."); The Fair Housing Act, 42 U.S.C. §§ 3604, 3617 (making it unlawful to discriminate on the basis of race, color, religion, sex, familial status, or national origin in connection with the sale or rental of property; prohibiting retaliation). Federal courts' jurisdiction over such claims is not exclusive, however. A state court has concurrent jurisdiction. *See* 28 U.S.C. § 1343 (district courts have original jurisdiction of civil rights claims); *Blount* v. *Stroud*, 915 N.E.2d 925, 395 Ill. App. 3d 8, 333 Ill. Dec. 854 (Ill. App. Ct. 2009) (addressing § 1981 claim); 42 U.S.C. § 3613 (granting right to sue in state or federal court).

The complaint and attached documents reveal that at some time before January 2008 Maged Soliman and Andira Amin purchased a condominium unit at 5757 North Sheridan Road in Chicago. After a period of unresolved conflicts between plaintiffs and the Association, the Association sued Amin and Soliman in the Circuit Court of Cook County (Case No. 2010 CH 15025) seeking an involuntary sale of the unit under the Illinois Condominium Property Act for violation of the Declaration and Bylaws of the Association. The court infers (based on a September 2010 motion for a trial date) that litigation may be currently pending in an Illinois court over the issues now raised in this lawsuit. Plaintiffs' civil rights claims as well as their state law claims are germane to the Association's claim against the plaintiffs in Case No. 2010 CH 15025 and could be asserted as defenses or counterclaims in the state court suit. *See Kirkham* v. *Harris,* 2 N.E.2d 119, 120–21, 285 Ill. App. 385 (Ill. App. Ct. 1936) ("The fact that [mortgagor] failed to interpose a defense thereto, when she was a party to the [foreclosure] suit and with full knowledge of the facts, bars her from now attempting to litigate the questions which were germane to and could have been tried and determined in the former suit."); *Provident Bank* v. *Wright*, No. 00 CV 6027, 2001 WL 777054, at *2 (N.D. Ill. July 11, 2001) (claim of violation of Equal Credit Opportunity Act could be asserted as counterclaim in mortgage foreclosure action).

If the state court case is no longer pending because it has proceeded to judgment, plaintiffs may not avoid the effect of the judgment by filing in federal court. Rather, under the *Rooker-Feldman* doctrine, "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Ritter* v. *Ross,* 992 F.2d 750, 753 (7th Cir. 1993) (quoting *District of Columbia Ct. of Appeals* v. *Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)). Moreover, "[i]t is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'" *Ritter*, 992 F.2d at 754 (citations omitted).

For these reasons, this case must be dismissed for lack of jurisdiction.