# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDIRA AMIN, MAGED SOLIMAN, and MARK BOCHRA, ) ) ) Plaintiffs, ) ) v. ) ) 5757 N. SHERIDAN ROAD CONDOMINIUM ) ASSOCIATION and RONALD ) MENDELBLAT, ) ) Defendants. ) | No. 12 CV 446<br><br>Judge Joan H. Lefkow |

## OPINION AND ORDER

The court granted defendant 5757 N. Sheridan Road Condominium Association's (the "Association") motion to dismiss on the ground that it should abstain from exercising jurisdiction over plaintiffs' claims because there is a related action pending in the Circuit Court of Cook County. Accordingly, the court dismissed the claims of plaintiffs Andira Amin and Maged Soliman and ordered the case stayed as to plaintiff Mark Bochra. Plaintiffs move for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), arguing that the court's ruling was the result of various legal and factual errors. For the following reasons, plaintiffs' motion for reconsideration [#42] will be granted in part and denied in part.

## BACKGROUND

Amin and Soliman and their son, Bochra, commenced this action on January 20, 2012, alleging that the Association and Ronald Mendelblat, the president of the Association's Board of Directors, violated various federal and state housing laws. Plaintiffs' first amended complaint alleges that the Association and Mendelblat discriminated against them on the basis of their

national origin, race, and religion in violation of the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617, discriminated against them on the basis of their race and ancestry in violation of 42 U.S.C. § 1982, and engaged in retaliation prohibited by the Illinois Fair Housing Act, 775 Ill. Comp. Stat. 5/3-105.1.[1] Plaintiffs further allege that the Association discriminated against them on the basis of their race and ancestry in violation of 42 U.S.C. § 1981, breached its fiduciary duties under the Illinois Condominium Property Act, 765 Ill. Comp. Stat. 605/18.4 (the "Condominium Act"), and violated the religious practices provisions in the Condominium Act, 765 Ill. Comp. Stat. 605/18.4(h), and the Chicago Fair Housing Ordinance, Municipal Code § 5-8-030 (the "Housing Ordinance").

Plaintiffs' claims arise from a long-standing dispute with the Association that is also the subject of pending litigation in the Circuit Court of Cook County. *See 5757 N. Sheridan Rd. Condo. Ass'n* v. *Soliman*, No. CH 15025. The Association filed suit against Amin and Soliman in April 2010, seeking a court order granting immediate access to ascertain the source of purported water leaks in Amin and Soliman's condominium unit. In August 2010, the Association filed a first amended complaint seeking an involuntary sale of the condominium unit because of Amin's and Soliman's alleged violations of the Association's Declaration and Bylaws, Rules and Regulations, and the Condominium Act. Amin and Soliman filed a counterclaim in September 2010, alleging that the Association had violated several of the federal and state fair housing laws at issue in this case, namely 42 U.S.C. §§ 1981, 1982, 3604, 3617 and 775 Ill. Comp. Stat. 5/3-105.1. The state court proceeding is scheduled to go to trial on June 18, 2012.

---

[1] The court cites the corrected version of plaintiffs' first amended complaint, filed with leave of court on March 9, 2012. [#23]

## LEGAL STANDARD

The problems warranting a grant of a motion to reconsider are rare. *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). The motion is appropriate, however, where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted) (internal quotation marks omitted).

## DISCUSSION

The court granted the Association's motion to dismiss after determining that the factors set forth in *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800, 93 S. Ct. 1236, 48 L. Ed. 2d 838 (1976), warrant abstention in favor of the state court case. In *Colorado River*, the Supreme Court formulated an "exceptional circumstances" test whereby a district court may dismiss or stay an action when there is an ongoing parallel action in state court. 424 U.S. at 817–21. To determine whether the *Colorado River* doctrine can be applied, the court must first decide "whether the federal and state cases are parallel." *See, e.g.*, *Huon* v. *Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011). If the actions are parallel, the district court must next consider a number of non-exclusive factors that might justify abstention, including: (1) whether the state has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of

state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Id.* at 647–48.

Plaintiffs first argue that the court's decision to abstain was error because this proceeding is not parallel with the state court proceeding. They argue that the two proceedings are not parallel because Bochra and Mendelblat are not parties to the state court proceeding and because their federal complaint includes new claims not asserted in state court. "Two suits are considered 'parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Clark* v. *Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (quoting *Interstate Material Corp.* v. *City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988)). The suits need not be symmetrical; rather the key issue is whether there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (quoting *Lumen Constr., Inc.* v. *Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)). The fact that a state proceeding and a federal proceeding involve some different parties or some different claims does not necessarily indicate that the two suits are not parallel. *See, e.g.*, *Beck* v. *Dobrowski*, 559 F.3d 680, 686 (7th Cir. 2009); *Tryer* v. *City of S. Beloit*, 456 F.3d 744, 753 (7th Cir. 2006); *Clark*, 376 F.3d at 686; *Lumen*, 780 F.2d at 695–96.

Although the court did not discuss this issue in ruling on the Association's motion to dismiss, a review of plaintiffs' first amended complaint and the counterclaims filed in state court leaves little doubt that the state litigation will dispose of all of the claims in this case. Counts I through V of plaintiffs' first amended complaint are the same as the counterclaims asserted by Amin and Soliman in state court. The first amended complaint and the state court counterclaim

4

are also premised on the same key facts, namely that the Association and its board members, including Mendelblat, discriminated against Amin, Soliman, and their sons by falsely accusing them of having leaks in their condominium unit, assessing arbitrary legal fees and fines to their account, assaulting and verbally harassing Amin, Soliman, and Bochra, attempting to evict Amin and Soliman from their unit, and attempting to force Amin and Soliman to sell their condominium unit in retaliation for filing a complaint with the Illinois Department of Human Rights. Most of the significant factual allegations in the first amended complaint are taken nearly verbatim from the counterclaim filed in state court. (*See* First Amend. Compl. ¶¶ 13–16, 19–23, 25–29, 32–35, 37, 43.) To the extent that the first amended complaint includes material allegations not included in the state court counterclaim, the allegations are based on evidence that appears to have come to light during the course of the state court litigation. (*See id.* ¶¶ 30, 44, 62, 65.)[2] The new factual allegations provide additional detail but do not provide the basis for distinct discrimination claims not asserted in state court. The fact that the two proceedings involve the same evidence and nearly identical legal arguments strongly indicates that the two suits are parallel. *See Tryer*, 456 F.3d at 752.

On the other hand, the differences between the two proceedings are insignificant. While it is true that Bochra is not a party to the state court proceeding, plaintiffs' theory appears to be that the Association and Mendelblat engaged in illegal conduct that was aimed at their family, rather Bochra individually. The first amended complaint does not include any factual allegations regarding conduct directed at Bochra that were not included in the state court counterclaim.

---

[2] Plaintiffs' lengthy recitation of alleged deficiencies in the *pro bono* representation they received in the state court proceeding, the procedural history of the state court proceeding, and the details of the Illinois Department of Human Rights investigation are not material to their federal or state law claims.

Likewise, while Mendelblat is not a party to the state court proceeding, the allegations relating to his conduct are virtually the same in both proceedings. The claims asserted against Mendelblat are based on the same legal theories as the claims asserted against the Association in state court, and plaintiffs further allege that at all times Mendelblat was acting for and on behalf of the Association. Therefore despite the fact that Bochra and Mendelblat are not parties to the state court proceeding, either could likely cite principles of *res judicata* once the state court case is fully and finally litigated.[3] Mendelblat, moreover, could have been joined as a party to the state court case. It would frustrate the purposes of the *Colorado River* doctrine if plaintiffs' failure to join him in the earlier proceeding could lead to duplicative and piecemeal litigation. *See Lumen*, 780 F.2d at 696 ("[T]here is no reason in theory why the Villasenors and Cole could not be joined as parties in the state case. . . . If Lumen can no longer bring additional parties into the state case, it has only itself to blame.").

Nor is it significant that plaintiffs' first amended complaint asserts claims for violations of the Illinois Condominium Property Act and the Chicago Fair Housing Ordinance that were not included in the state court counterclaim. The claims for violation of the Condominium Act and the Housing Ordinance are predicated on the same facts that support Amin and Soliman's claims in state court. They are also based on similar legal theories, namely that the board failed to apply its policies to all residents, failed to adopt objective and non-discriminatory rules, and

---

[3] The court is mindful that the test for *res judicata* differs from the analysis of whether two proceedings are parallel for the purposes of *Colorado River* abstention. *See Huon*, 657 F.3d at 646. The court may, however, consider the preclusive effect of the state court proceeding as a factor in determining whether the federal proceeding is parallel. *See Lumen*, 780 F.2d at 695–96 ("[O]ne can predict with some confidence that the state court litigation will probably eliminate the need for any further proceedings in federal court. Principles of *res judicata* can be expected to operate in full force, particularly in light of Lumen's duplicate pleadings.").

discriminated against plaintiffs by refusing to allow them to attach a religious symbol to their door. For all of these reasons, the court declines to revise its initial conclusion that it is substantially likely that the state court proceeding will dispose of all the claims in this case.

Plaintiffs also argue that the court erred in concluding that "exceptional circumstances" justify abstention. *See Huon*, 657 F.3d at 647. Plaintiffs have not presented any new arguments on this issue, and it clear that most of the relevant factors strongly favor abstention. First, abstention would eliminate piecemeal and duplicative litigation. It would be a waste of judicial resources for two courts to oversee similar pre-trial motions and discovery matters and for two triers of fact to consider the same issues, evidence and witnesses. Second, Amin and Soliman's state court counterclaims were filed over one year before plaintiffs' complaint was filed in federal court, and the state court proceedings have been ongoing since April 2010. Therefore the order in which jurisdiction was obtained favors abstention. Third, the state court proceeding has progressed through amendments of the pleadings, the addition of counterclaims, discovery, and is scheduled to go to trial in seven weeks. No substantial proceedings have taken place in this court. Therefore the relative progress of the state proceeding favors abstention. Fourth, both courts have jurisdiction over the parties, and therefore the presence of concurrent jurisdiction favors abstention. Fifth, the state court may adequately protect plaintiffs' federal rights. The remaining factors are neutral. The court is unpersuaded by plaintiffs' arguments to the contrary and therefore adheres to its original ruling that exceptional circumstances warrant abstention.

Finally, plaintiffs argue that the court should not have dismissed Amin and Soliman from this case because they may be barred by the statute of limitations from re-filing their claims. In general, a motion to reconsider "is not appropriately used to advance arguments or theories that

7

could and should have been made before the district court rendered a judgment." *Cnty. of McHenry* v. *Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (citation omitted) (internal quotation marks omitted). After reviewing plaintiffs' motion, however, the court has come to believe it has made an error of reasoning that needs correction, although it is an exception to these general principles. The usual practice in the Seventh Circuit is to order a stay, rather than dismissal without prejudice, when deferring to a parallel state court proceeding under the *Colorado River* doctrine. *See, e.g.*, *Adkins*, 644 F.3d at 508 (Ripple, J., concurring in part and dissenting in part) (citing *Lumen*, 780 F.2d at 698); *Rogers* v. *Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995); *LaDuke* v. *Burlington N. Ry. Co.*, 879 F.2d 1556, 1561–62 (7th Cir. 1989). Particularly where plaintiffs allege violations of federal civil rights laws, a stay is the appropriate course so that the federal forum remains available if the state court does not reach the merits of plaintiffs' claims. *Selmon* v. *Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 410 (7th Cir. 1996). Accordingly, the clerk is ordered to reinstate Amin and Soliman as plaintiffs. This case is stayed as to all plaintiffs until the state court case is resolved or until further order of the court.

**CONCLUSION AND ORDER**

Plaintiffs' motion for reconsideration [#42] is granted in part and denied in part. The clerk is ordered to reinstate Amin and Soliman as plaintiffs. This case is stayed as to all plaintiffs until the state court case is resolved or until further order of the court.

Dated: May 15, 2012  Enter: _____
                            JOAN HUMPHREY LEFKOW
                            United States District Judge